Haykanush MARTIROSYAN,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71610.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

Haykanush Martirosyan, Northridge, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Colette J. Winston, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Lead petitioner Haykanush Martirosyan and her husband and son, natives and citizens of Armenia, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the immigration judge's ("IJ") denial of their application for asylum, withholding of removal, voluntary departure and Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252. As this is a streamlined case, we review the decision of the IJ. 8 C.F.R. § 1003.1(a)(7). We review an adverse credibility finding for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *See Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Substantial evidence supports the IJ's adverse credibility finding. Haykanush Martirosyan testified that she was a member of a Jehovah's Witness congregation in California since 1996 and introduced a letter purporting to establish that affiliation. The government introduced three witnesses, all of whom were leaders and elders of that congregation, who testified that the letter was a forgery and that Mrs. Martirosyan was not a member of their congregation. *See Akinmade v. INS,* 196 F.3d 951, 955–56 (9th Cir.1999) (recognizing that using false documents that go to the heart of an asylum claim can indicate lack of credibility). Two of the three witnesses also testified that Mrs. Martirosyan could have demonstrated membership in the Jehovah's Witness church by providing documentation from her prior congregation, which she failed to do or even try to do.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc). Likewise, petitioners have failed to meet the higher standard for CAT relief. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001) (quoting 8 C.F.R. § 208.16(c)(2)).

This court lacks jurisdiction to review the denial of a request for voluntary departure. 8 U.S.C. § 1229c(f); *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1165 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.